UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMMIE C. RICHARD,

    Plaintiff,

v.

CECIL KELSEY a single man; ALASKA VEHICLE TRANSPORT, a division of UNITED ROAD SERVICES, INC., a Delaware corporation.,

    Defendants.

Case No. C09-5253 FDB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to commence suit within the applicable statute of limitations. The Court, having reviewed the pleadings and record herein, is fully informed and finds Plaintiff's action barred by the statute of limitations. Thus, the Defendants are entitled to dismissal of Plaintiff's claims with prejudice.

**Introduction and Background**

Plaintiff Tammie C. Richard, a Washington resident, alleges that on May 1, 2006, she was involved in an automobile accident on Interstate 5 in Tacoma, Washington. Plaintiff alleges that

ORDER - 1

Defendant Cecil Kelsey, an Alaska resident, struck the front of Plaintiff's automobile while attempting to make a lane change. Plaintiff further alleges that at the time of the accident, Mr. Kelsey was an employee of, or under the direction and control of, Defendant Alaska Vehicle Transport. Plaintiff alleges a claim for negligence against Defendants for personal injuries allegedly sustained in the accident.

On the basis of diversity of citizenship, Plaintiff filed a Complaint for Personal Injury on April 30, 2009. In addition to Cecil Kelsey and Alaska Vehicle Transport, the Complaint named as a Defendant Paula Kelsey, the purported wife of Cecil Kelsey. Paula Kelsey had been legally separated from Mr. Kelsey since 2004. Paula Kelsey was served with the complaint on May 11, 2009. Immediately upon receipt of service, Ms Kelsey informed Plaintiff of her marital status and that she had not been married to Cecil Kelsey at the time of the accident. Ms. Kelsey requested that Plaintiff remove her from the lawsuit.

On May 12, 2009, the Plaintiff filed a First Amended Complaint for Personal Injury. The amended complaint reflected the fact that Cecil Kelsey was a single man and no longer named Paula Kelsey as a Defendant; effectively dismissing her from the lawsuit.

Alaska Vehicle Transport was served with summons and complaint on August 21, 2009. Cecil Kelsey was served with summons and complaint on August 25, 2009.

These Defendants presently move for dismissal on the basis that the action is barred by RCW 4.16.080, Washington's three-year statute of limitations.

**Limitations of Actions**

In diversity actions, federal courts generally apply state statutes related to the commencement and tolling of statutes of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740, 745-46 (1980); Lindley v. General Elec. Co., 780 F.2d 797, 799-801 (9th Cir. 1986).

In Washington State, simple torts such as negligence have a three-year statute of limitations. RCW 4.16.080; Schwartz v. Douglas, 98 Wn. App. 836, 838, 991 P.2d 665 (2000) (In an action to

ORDER - 2

recover damages for personal injuries, the applicable statute of limitations is usually three years from the date of the alleged injury). Thus, the statute of limitations on Tammie Richard's personal injury action commenced to run on May 1, 2006, and would ordinarily bar any action not commenced on or before May 1, 2009.

The conditions necessary to commence an action, and thus toll the running of the statute of limitations, are governed by RCW 4.16.170:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Under the terms of RCW 4.16.170, the filing of a complaint does not constitute the commencement of an action for the purposes of tolling the statute of limitations; it is still necessary for the plaintiff to serve a defendant within ninety days of the date of filing in order for the commencement to be complete. O'Neill v. Farmers Ins. Co. of Washington, 124 Wn. App. 516, 523, 125 P.3d 134 (2004); Wothers v. Farmers Ins. Co. of Washington, 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

Here, Plaintiff filed her initial complaint on April 30, 2009, one day before the three-year anniversary of the accident and the expiration of the statute of limitations. Accordingly, Plaintiff had an additional 90 days in which to perfect service. This ninety days would terminate on July 29, 2009. Service on Defendant Cecil Kelsey occurred on August 25, 2009. Alaska Vehicle Transport was served with summons and complaint on August 21, 2009. Thus, the Defendants were served outside the 90-day period for service and the action was not commenced within the three-year statute of limitations.

ORDER - 3

Plaintiff, nonetheless, contends that service was perfected within the ninety days of filing the complaint because Paula Kelsey was served on May 11, 2009.

It is true that service on one defendant tolls the statute as to other, not-as-yet served defendants. Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329, 815 P.2d 781 (1991). Tolling is abrogated, however, when the served defendant is dismissed from the action prior to service on the remaining defendant. Sidis, at 329-30; Fox v. Sunmaster Products, Inc., 63 Wn. App. 561, 568, 821 P.2d 502 (1991). Stated in another fashion, when an action is dismissed as to a served party, the statute of limitations continues to run as though the action had never been brought. Fittro v. Alcombrack, 23 Wn. App. 178, 180, 596 P.2d 665 (1979); Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959).

In Fittro v. Alcombrack, 23 Wn. App. 178, 596 P.2d 665 (Div. 1 1979), an action naming two co-defendants, and based on an injury occurring Feb. 25, 1974, was filed on Nov. 5, 1975. One defendant was served contemporaneously with the filing of the complaint. The second defendant was not served until more than three years after the accident. The court held that the action against the second defendant was barred by the statute of limitations because the first defendant had been dismissed in the interim.

The Washington State Supreme Court stated the following in regard to the caution that should be taken in serving but one of multiple defendants:

> Plaintiffs must proceed with their cases in a timely manner as required by court rules, and must serve each defendant in order to proceed with the action against that defendant. A plaintiff who fails to serve each defendant risks losing the right to proceed against unserved defendants if the served defendant is dismissed, as occurred in Fittro v. Alcombrack, 23 Wash.App. 178, 180, 596 P.2d 665, review denied, 92 Wash.2d 1029 (1979).

Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 815 P.2d 781 (1991). See also Fox v. Sunmaster Products, Inc., 63 Wn. App. 561, 821 P.2d 502 (1991).

In the instant case, Plaintiff perfected timely service on Paula Kelsey. However, when it

ORDER - 4

was learned she was not a proper defendant, Plaintiff amended her complaint, effectively dismissing Ms. Kelsey from the action. As in the decisions previously cited, any tolling of the statute of limitations that occurred with service on Paula Kelsey was abrogated when Paula Kelsey was dismissed from the action. Accordingly, there was no service on a defendant within the 90 day tolling period of RCW 4.16.170. Plaintiff's cause of action is barred by the three year statute of limitations.

**Conclusion**

For the above stated reasons, Plaintiff failed to commence her cause of action within the three year statute of limitations and the claim for negligence is subject to dismissal.

ACCORDINGLY;

IT IS ORDERED:

Defendants' Motion to Dismiss [Dkt. # 15] is **GRANTED**. Plaintiff's claim for negligence against Defendants is **DISMISSED** with prejudice.

DATED this 5th day of October, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5