UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMMIE C. RICHARD,

    Plaintiff,

    v.

CECIL KELSEY a single man; ALASKA
VEHICLE TRANSPORT, a division of
UNITED ROAD SERVICES, INC., a
Delaware corporation.,

    Defendants.

Case No. C09-5253 FDB

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's motion for reconsideration of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to commence suit within the applicable statute of limitations. The Court, having reviewed the motion and response, is fully informed and denies the motion for reconsideration. Thus, the Defendants are entitled to dismissal of Plaintiff's claims with prejudice.

**Introduction and Background**

In this diversity action, this Court granted Defendants' motion to dismiss, finding Plaintiff had failed to commence her cause of action within the three year statute of limitations and the claim

ORDER - 1

for negligence is subject to dismissal.  The Court reasoned that Defendants were served outside the 90-day period for service, RCW 4.16.170, and as a result the action was not commenced within the three-year statute of limitations,  RCW 4.16.080.

Plaintiff requests reconsideration, asserting multiple bases: (1) service was accomplished prior to the 120 days provided by Fed. R. Civ. P. 4(m), (2) service was perfected by mail on the out-of-state defendants, and (3) Defendants waived the defense of insufficiency of service.

**Motion for Reconsideration**

Motions for reconsideration are disfavored.  The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).  Motions for reconsideration are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. See N. W. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988); United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998).  Motions to reconsider are directed to the sound discretion of the court. Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981).

In arguing for reconsideration, Plaintiff presents new argument that should and could have been presented in response to the motion to dismiss.  Other than to note the facts do not support Plaintiff's argument, the Court will not address the assertions concerning service on out-of-state or concealed defendants, or the assertion that Defendants waived the defense of insufficient service.

The Court will address the contention that the action was timely because service was perfected within 120 days of filing the complaint pursuant to Fed. R. Civ. P. 4(m).

In diversity actions, federal courts generally apply state statutes related to the commencement and tolling of statutes of limitations.  See Walker v. Armco Steel Corp., 446 U.S. 740, 745-46 (1980); Lindley v. General Elec. Co., 780 F.2d 797, 799-801 (9th Cir. 1986).  In Washington, the conditions necessary to commence an action, and thus toll the running of the statute

ORDER - 2

of limitations, are governed by RCW 4.16.170. Under the terms of RCW 4.16.170, the filing of a complaint does not constitute the commencement of an action for the purposes of tolling the statute of limitations; it is still necessary for the plaintiff to serve a defendant within ninety days of the date of filing in order for the commencement to be complete. O'Neill v. Farmers Ins. Co. of Washington, 124 Wn. App. 516, 523, 125 P.3d 134 (2004); Wothers v. Farmers Ins. Co. of Washington, 101 Wn. App. 75, 79, 5 P.3d 719 (2000).

Here, the Defendants were served outside the 90-day period for service as provided in RCW 4.16.170, but within the 120 days set forth in Fed. R. Civ. P. 4(m). As previously determined, application of the 90-day rule of RCW 4.16.170 would bar the action as not being commenced within the three-year statute of limitations. However, as argued by Plaintiff, if Rule 4(m) governs commencement of the action for the purpose of tolling the statute of limitations, the action would be timely.

The state statute controls. Absent a direct conflict between a federal rule and state law, state law applies in diversity actions. Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980). The Ninth Circuit has held that there is no conflict between Rule 4(m) and a state statute of limitations virtually identical to the one at issue here. In Torre v. Brickey, 278 F.3d 917 (9th Cir. 2002) the court addressed the Oregon Revised Statutes § 12.020, which provides that an action is not commenced until both filing of the complaint and service of summons on the defendant are accomplished except that an action is deemed to have been commenced on the date the complaint is filed if summons is served on the defendant within 60 days of filing the complaint. Id., at 919. On the other hand, Fed. R. Civ. P. 4(m) provides a 120-day period from the filing of the complaint within which to serve summons and complaint upon the defendant. Id. Plaintiffs asserted that there is a conflict between the state and federal service requirements, and that the federal rule should control. Because the complaint was filed within two years of the event, as required by the Oregon statute of limitations, and the summons was served within 120 days thereafter, as required by Rule 4(m), Plaintiffs

ORDER - 3

contended the action was timely. The Court disagreed:

> There is no conflict between Rule 4(m) and Oregon law because Rule 4(m) merely sets a procedural maximum time frame for serving a complaint, whereas [Or. Rev. Stat. § 12.020] is a statement of a substantive decision by that State that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations. [A] plaintiff in federal court thus has 120 days to effect service after filing a complaint only if this period enables him to serve within the statutory period for commencing an action controlled by state law. Thus, because there is no conflict between the federal rule and state law, state law should apply. Under Oregon law, the action was not commenced until February 15, 2000, the date defendant was served with summons, and a date more than two years after October 20, 1997, the date the alleged battery was committed. The district court therefore correctly applied Oregon law and properly dismissed the action as time-barred.

Torre, at 919-20 (citations omitted). See also, Habermehl v. Potter, 153 F.3d 1137, 1139 (10th Cir. 1998); Larsen v. Mayo Medical Center, 218 F.3d 863 (8th Cir. 2000); Lyons v. H & R Transport, Inc., 231 F. Supp2d 1009 (D. Or. 2001).

For these reasons, and the reasons set forth in this Court's Order Granting Motion to Dismiss [Dkt. # 22], Plaintiff failed to commence her cause of action within the three year statute of limitations and the claim for negligence is subject to dismissal.

**Conclusion**

For the above reasons, Plaintiff's motion for reconsideration is denied.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion to Dismiss and Final Judgment [Dkt. # 24] is **DENIED**.

DATED this 9th day of November, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4